IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAURA GROVENOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  2:12-cv-1235 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| ASSET ACCEPTANCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**NATURE OF ACTION**

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Laura Grovenor ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Kent, and City of Grand Rapids.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

6. Defendant, Asset Acceptance, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card with CitiBank, N.A. ("CitiBank"), account number ending in 9333 (the "Debt").

11. Plaintiff incurred the obligation, or alleged obligation, owed or due, or

asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In or about April 2011, Defendant reported the Debt to the three major credit bureaus: Experian Information Solutions, Inc. ("Experian"), Equifax Information Service, LLC ("Equifax"), and Trans Union, LLC ("Trans Union"). (See August Credit Report, attached hereto as Exhibit A).

14. In or about April 2011, Plaintiff noticed a negative entry reported by Defendant on her credit report, when Plaintiff was in the process of trying to purchase a home.

15. Upon information and good-faith belief, in or about May 2011, Plaintiff sent written communication to Defendant, Experian, Equifax and Trans Union disputing the alleged debt.

16. Upon information and good-faith belief, Defendant verified the accuracy of the reporting in response to the credit bureaus' request for investigation.

17. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated June 24, 2011, and in such communication, stated that Plaintiff owed a balance of "$36,382.89," and that documents to support Defendant's

claim will be forwarded to Plaintiff when Defendant receives them from the original creditor. (See June 24, 2011 correspondence, attached hereto as Exhibit B).

18. By stating that Defendant did not have the documents to verify Plaintiff's alleged debt in its June 24, 2011 communication, Defendant did not conduct a lawful investigation into the dispute and/or failed to accurately respond to the credit bureaus' investigation.

19. Plaintiff did not receive any documents from Defendant after its June 2011 correspondence.

20. Plaintiff sent Defendant written communication dated February 24, 2012, and in such communication, Plaintiff disputed the Debt again and requested that Defendant delete the account. (See February 24, 2012 correspondence, attached hereto as Exhibit C).

21. Plaintiff also sent her February 24, 2012 letter to all three major credit bureaus. (See Exhibit C).

22. Upon information and good-faith belief, in response to each credit bureau's requests for verification, Defendant verified the accuracy of the reporting to each credit bureau.

23. By verifying the accuracy of the Debt as reported by the credit bureaus, Defendant was attempting to collect the Debt prior to sending Plaintiff validating documentation.

24. Upon information and good-faith belief, as of the date that Defendant verified the accuracy of the credit report, Defendant did not have documentation to validate the accuracy of the debt.

25. By reporting Plaintiff's Debt to the credit bureaus as verified, Defendant communicated credit information which is known or which should be known to be false, namely that the Debt was verified.

26. Upon information and good-faith belief, all three major credit bureaus verified Plaintiff's alleged debt.

27. Since Defendant admitted to not having documents to verify Plaintiff's alleged debt, Defendant did not conduct a lawful investigation into the dispute and/or failed to accurately respond to the credit bureaus' investigation.

28. In or about May 2012, Plaintiff was denied a job due to her credit report.

29. Plaintiff sent Defendant written communication dated May 2, 2012, and in such communication, stated that Plaintiff disputed the Debt with the credit bureaus and that Plaintiff still has not received validation of the Debt.  (See May 2, 2012 correspondence, attached hereto as Exhibit D).

30. Upon information and good-faith belief, all three major credit bureaus again verified Plaintiff's alleged debt.

31. Plaintiff called the original creditor, CitiBank, regarding the alleged debt, and in response, Plaintiff received written communication from Citibank, on May 23,

2012, and in such communication, Citibank stated that it had requested the credit bureaus to delete Plaintiff's account. (See May 23, 2012 correspondence, attached hereto as Exhibit E).

32. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated June 1, 2012, and in such communication, stated that the balance owed was "$42,838.19." (See June 1, 2012 correspondence, attached hereto as Exhibit F).

33. Attached to Defendant's June 1, 2012 written communication was a copy of the signed agreement from which the Debt arises. (See Exhibit F).

34. As of August 8, 2012, Defendant continues to report Plaintiff's Debt to the credit bureaus. (See Exhibit A).

35. In connection with the collection of the Debt, Defendant placed calls to Plaintiff's residence, including, but not limited to, calls placed on the following dates and times: July 18, 2012 at 8:10 A.M.; July 18, 2012 at 8:11 A.M.; July 18, 2012 at 10:11 A.M.; July 19, 2012 at 8:43 A.M.; July 19, 2012 at 8:56 A.M.; July 19, 2012 at 8:57 A.M.; July 19, 2012 at 11:27 A.M.; and July 20, 2012 at 9:11 A.M.

36. Defendant placed the above-mentioned calls with the intent to annoy, abuse, or harass Plaintiff.

37. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(8)

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. Defendant violated 15 U.S.C. § 1692g(b) continuing to attempt to collect the Debt after notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1692g(a), and before obtaining verification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1681s-2(b)

46. Plaintiff repeats and re-alleges each and every allegation above.

47. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, by failing to review all relevant information about same and by failing to accurately respond to Experian, Equifax, and Trans Union.

48. As a result of this conduct, action, and inaction of Defendant, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

49. Defendant's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby demands a trial by jury.

This 7th day of November, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
(P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence Address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012